Mariah Gondeiro, Cal Bar No. 323683
mgondeiro@freedomfoundation.com
Rebekah Millard, Cal Bar No. 256714
rmillard@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAVAS; LAUREN ASHBY; ETHAN BALTER; BELLA BARDEEN; PAUL CAREY; CHRISTIAN ESPINOZA; CARTER FENLEY; ALEC FLETES; MOSES HAASE; FRANK HARWOOD; JON HERNANDEZ; COLE HEYDORFF; JESS HILLER; MACKENZIE KOEPSELL; JENNIFER MARSHALL; ANDRES MENDOZA; KENT MERTINS; YURUAN QUINONES; JOSUA RAYMOND; BRAD ROLLINS; TRISTAN TRAUB; and ADAM WRIGHT; as individuals, and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br>  v.<br><br>CALIFORNIA STATE LAW ENFORCEMENT AGENCY, a labor organization; BETTY YEE, in her official capacity as State Controller of California; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>        *Defendants*. | **'20 CV0032 DMS BLM**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS SEEKING DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**42 U.S.C. § 1983** |

# I. INTRODUCTION

1. Plaintiffs are lifeguards who oversee safety on the State of California's public beaches. As state employees, Plaintiffs are represented for collective bargaining by Defendant California State Law Enforcement Agency ("CSLEA"). Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated, seeking redress for violations of their constitutionally protected right to freedom of speech and association. Plaintiffs have a First Amendment right to either associate with or disassociate from a union and its speech and activities. This right to not associate with a union encompasses the right to not pay money to the union and the right to not belong to the union. *See Abood v. Detroit Bd. Of Educ.*, 431 U.S. 209, 235-36 (1977); *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

2. Plaintiffs have attempted to exercise their constitutional rights by resigning union membership and revoking any previously existing authority to deduct union dues. The Defendants violate Plaintiffs' First Amendment rights by enforcing a "maintenance of membership" provision in the Memorandum of Understanding (MOU)[1] between the State of California and CSLEA. Defendant CSLEA claims that the MOU and state law require Plaintiffs to maintain membership in the union through the expiration of the MOU in 2023, nearly four years from the time Plaintiffs resigned their membership.

3. Defendant California State Controller Betty Yee ("Controller Yee") deducts union dues from Plaintiffs' wages at the instruction of Defendant CSLEA, thereby forcing Plaintiffs to associate with CSLEA in the form of monetary support and union membership.

---

[1] The MOU applicable to Plaintiffs expired in June 2019, but the provisions at issue have been continued through 2023 by tentative agreement available at https://cslea.com/unit-7-contract/ (last visited January 3, 2019).

CLASS ACTION COMPLAINT

1

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the First Amendment as applied to the states by the Fourteenth Amendment to the U.S. Constitution. Further, the Court has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C. § 1983.

5. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief, and other relief, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6. Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b)(1) because the Union maintains an office in Orange County and is a resident of this State (within the meaning of 28 U.S.C. § 1391(c)). Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claim occurred in this judicial district.

## III. PARTIES

7. Jonathan Savas resides in San Clemente, California in Orange County. Savas works at Orange Coast South beach as a Seasonal Lifeguard II.

8. Lauren Ashby resides in San Clemente, California in Orange County. Ashby works at San Clemente Beach as a Seasonal Lifeguard II.

9. Ethan Balter resides in Oceanside, California in San Diego County. Balter works at Orange Coast South Beach as a Lifeguard II.

10. Bella Bardeen resides in Huntington Beach, California in Orange County. Bardeen works at Huntington State Beach as a Seasonal Lifeguard II.

11. Paul Carey resides in Long Beach, California in Los Angeles County. Carey works at Huntington State Beach as a Lifeguard II.

12. Christian Espinoza resides in Loma Linda, California in San Bernardino County. He works at Lake Perris as a Permanent Intermittent Lifeguard.

13. Carter Fenley resides in Costa Mesa, California in Orange County. He works at Orange Coast North Beach as a Lifeguard I.

14. Alec Fletes resides in San Clemente, California in Orange County. He works at Orange Coast South Beach as a Lifeguard I.

15. Moses Haase resides in Dove Canyon, California in Orange County. Haase works at San Clemente State Beach as a Lifeguard I.

16. Frank Harwood resides in San Clemente, California in Orange County. Harwood works at San Clemente State Park as a Lifeguard II.

17. Jon Hernandez resides in Lake Elsinore, California in Riverside County. He works at Lake Perris as a Permanent Intermittent Lifeguard.

18. Cole Heydorff resides in Huntington Beach, California in Orange County. Heydorff works at Huntington State Beach as a Lifeguard I.

19. Jess Hiller resides in Huntington Beach, California in Orange County. Hiller works at Orange Coast North Beach as a Seasonal Lifeguard II.

20. Mackenzie Koepsell resides in San Juan Capistrano, California in Orange County. Koepsell works at Orange Coast South Beach as a Seasonal Lifeguard II.

21. Jennifer Marshall resides in Huntington Beach, California in Orange County. Marshal works at Orange Coast North Beach as a Seasonal Lifeguard II.

22. Andres Mendoza resides in Perris, California in Riverside County. Mendoza works at Perris Lake as a Seasonal Lifeguard II.

23. Kent Mertins resides in Placentia, California in Orange County. Mertins works at

Huntington State Beach as a Lifeguard I.

24. Yuruan Quinones resides in Rancho Santa Margarita, California in Orange County. Quinones works at San Clemente State Beach as a Seasonal Lifeguard I.

25. Joshua Raymond resides in Irvine, California in Orange County. He works at Huntington State Beach as a Seasonal Lifeguard II.

26. Brad Rollins resides in Oceanside, California in San Diego County. Rollins works at San Clemente State Beach as an Ocean Lifeguard II.

27. Tristan Traub resides in Yorba Linda, California in Orange County. Traub works at Huntington State Beach as a Seasonal Lifeguard II.

28. Adam Wright resides in Trabuco Canyon, California in Orange County. He works at Orange Coast South Beach as a Seasonal Lifeguard II.

29. Defendant CSLEA is headquartered and maintains its principal place of business in Sacramento, California. It has a southern office in Huntington Beach, California in Orange County and engages in business throughout California.

30. Betty Yee is the State Controller of California and is sued in her official capacity and solely for declaratory and injunctive relief.

31. Defendant Xavier Becerra is the Attorney General of California and is sued in his official capacity and solely for declaratory and injunctive relief.

### IV. FACTUAL ALLEGATIONS

32. The Plaintiffs are employees of California Department of Parks and Recreation, otherwise known as California State Parks.

33. Defendant CSLEA is the exclusive representative of Plaintiffs for collective bargaining. On information and belief, the California Association of Law Enforcement Employees ("CALEE") is the local affiliate of Defendant CSLEA representing seasonal lifeguards, and the Resource

1  Protection Peace Officers Association ("RPPOA") is the local affiliate of CSLEA representing
2  full-time lifeguards, who are all members of Bargaining Unit 7.

3      34. Plaintiffs have, at one time or another, joined CSLEA. Some did so by filling out and
4  signing union membership forms. Others joined over the telephone.

5      35. Each Plaintiff has subsequently determined to exercise his or her right to resign union
6  membership. In September 2019, the Plaintiffs sent letters to CSLEA via certified mail resigning
7  union membership and revoking the authority take money from their paychecks.

8      36. On October 17, 2019 Kara Gapske, CSLEA Membership Coordinator, sent an email stating
9  that she would not approve the resignations because "the window has closed." According to
10 information and belief, the "window" is 30 days before the expiration of the MOU.

11     37. According to information and belief, the currently applicable MOU is set to run through
12 June 2023. Thus, according to CSLEA, the union will not allow Plaintiffs to leave their union
13 membership for nearly four years since they resigned.

14     38. Pursuant to state law, Controller Yee is required to take money from the Plaintiffs' wages
15 at CSLEA's direction. *See* Cal. Gov. Code §§ 1152, 1153.

16     39. CSLEA directs Controller Yee to deduct dues or fees from each Plaintiff, without regard
17 to the fact that Plaintiffs did not consent to these deductions.

18     40. Defendants act under color of State law, pursuant to which unions may enter into an
19 agreement providing for organizational security in the form of "maintenance of membership." Cal
20 Gov. Code § 3515.7. California Government Code § 3513(i) defines "maintenance of
21 membership" as all members of a union who remain members of a union for a period specified in
22 a memorandum of understanding ("MOU"), commencing with the effective date of the MOU.
23 Under such a provision, members may only resign membership via a signed letter 30 days prior to
24

CLASS ACTION COMPLAINT

5

the expiration of the MOU. *Id.*

41. In accordance with these statutes, the State and CSLEA entered a MOU that includes a maintenance of membership provision. *See* Agreement Between the State of California and California Statewide Law Enforcement Association covering Bargaining Unit 7, MOU Art.3.1(A) (available at https://cslea.com/wp-content/uploads/2015/11/mou-20160702-20190701-bu07.pdf).

42. Consistent with State law and their most recent MOU, CSLEA directs Controller Yee to deduct money from Plaintiffs and other employees' wages in Bargaining Unit 7. *See* Cal. Gov. Code §§ 1152, 1153; MOU Art.3.1(A)(2).

43. CSLEA relies on MOU Art.3.1(A)(1) to keep Plaintiffs locked into membership:

> A written authorization for CSLEA dues deductions in effect on the effective date of this Contract or thereafter submitted shall continue in full force and effect during the life of this Contract; provided, however, that any employee may withdraw from CSLEA by sending a signed withdrawal letter to CSLEA within thirty (30) calendar days prior to the expiration of this Contract.

MOU Art.3.1(A)(1) *see also* Cal. Gov. Code §§ 3515.7, 3513(i).

44. At the time they became members of CSLEA, none of the Plaintiffs were informed that they would be forced to remain members for any specific period of time. The language used in the membership forms provided to Plaintiffs was in substantially the following form:

> I elect to become a member of CSLEA and the affiliate organization for my classification and department. Unit 7 supervisors and managers are also eligible for membership. I hereby authorize deduction from my salary of CSLEA/Affiliate dues. I understand that this membership will become effective the first month following the date of submission. Per the Unit 7 contract and State law, there are limitations on the time period in which an employee can withdraw as a member. I authorize CSLEA to send literature to the e-mail address listed above.

45. Plaintiffs entered no agreement to pay union dues for a specified period of time, and the CSLEA membership form provides no notice that Plaintiffs' ability to end deduction of union dues from their salary would be in any way restricted.

## V. CLASS ALLEGATIONS

46. Plaintiffs bring this case as a class action for themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and alternatively 23(b)(3). The class, and any subclasses deemed appropriate by this Court, consists of all individuals: (1) who are employees of the State of California exclusively represented by CSLEA or one of its affiliates; (2) who have resigned union membership and revoked their consent to the deduction of any union dues; (3) and who have had money deducted from their paycheck by Controller Yee and remitted to CSLEA or its affiliates after their revocation notice; and (4) who are subject to the Defendants "maintenance of membership" policy whereby they are held to membership in CSLEA for a period of time after they resigned. The class includes everyone who comes within the class definition at any time from two years prior to the commencement of this action until the conclusion of this action.

47. The number of persons in the class makes joinder of individual class members impractical. On information and belief, there are thousands of class members in varying locations across California.

48. There are questions of fact and law common to all class members. Factually, all class members are state employees subject to CSLEA's membership and dues policies. Legally, the U.S. Constitution affords the same rights under the First Amendment to each and every member of the class.

49. The named Plaintiffs' claims are typical of other members of the class, because the State of California still seizes, and CSLEA collects dues from all plaintiffs, and each and every member of the class is subject to a "maintenance of membership" provision authorized by MOU and state

1  law restricting their right to resign union membership at any time.

2  50. The named Plaintiffs adequately represent the interests of the class and have no interests antagonistic to the class. Moreover, the undersigned counsel represents Plaintiffs and the class pro bono and are employed by a long-established charitable organization experienced in furnishing representation to unionized public and partial-public employees whose constitutional rights have been violated.

51. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

52. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory union dues will, as a practical matter, be dispositive of the interests of all class members.

53. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the Complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

### VI. CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**
*Refusing Plaintiffs' resignation of union membership violates the Freedom of Association guaranteed by the First Amendment to the United States Constitution.*

54. The Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

55. Compelling the Plaintiffs to associate with the union for an extraordinary length of time,

1  based solely on the MOU bargained for and entered into in accordance with state law, but to which
2  Plaintiffs were not parties and did not consent, violates the Plaintiffs' constitutional rights.

3  56. The Plaintiffs were not notified of the terms and conditions of their membership and did
4  not knowingly, intelligently, and voluntarily consent to restrict their right to resign union
5  membership pursuant to the period specified in the MOU negotiated between and agreed to by the
6  State and CSLEA.

7  57. Defendants' "maintenance of membership" policy pursuant to Cal. Gov. Code §§ 3515.7,
8  3513(i) and MOU Art.3.1(A) on its face and as applied, violates Plaintiffs First Amendment rights,
9  as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983 because
10 it prevents the Plaintiffs from resigning union membership and forces their continued association
11 with CSLEA for an unspecified period of time in the future.

12 58. The Defendants' "maintenance of membership" policy is significantly broader than
13 necessary to serve any possible alleged government interest.

14 59. The Defendants' "maintenance of membership" policy is not carefully or narrowly tailored
15 to minimize the infringement of First Amendment rights.

**SECOND CAUSE OF ACTION**
*Deducting dues from Plaintiffs' wages without consent violates the Freedom of Speech guaranteed by the First Amendment to the United States Constitution.*

18 60. The Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

19 61. On its face and as applied, Cal. Gov. Code §§ 1152-1153, CSLEA's dues deduction
20 policies and Defendants' actions pursuant thereto violate Plaintiffs' First Amendment rights, as
21 secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983. These
22 rights include: (a) the right not to support speech, financially or otherwise; and (b) the right against
23 compelled speech. These laws and actions authorize and compel the State to deduct union dues

from Plaintiffs' wages even though they have not clearly and affirmatively consented to the deductions by waiving their constitutional right to not fund union advocacy.

62. Consent to fund union advocacy cannot be presumed and Plaintiffs did not waive their constitutional right to not fund union advocacy.

63. No compelling state interest justifies this infringement on Plaintiffs' First Amendment rights.

64. Cal. Gov. Code §§ 1152-1153 and MOU Art.3.1(A) are significantly broader than necessary to serve any possible alleged government interest.

65. Cal. Gov. Code §§ 1152-1153 and MOU Art.3.1(A) are not carefully or narrowly tailored to minimize the infringement of free speech rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

i. **Declaratory Judgment:** Enter a Declaratory Judgment that the "maintenance of membership" policy contained in Cal. Gov. Code §§ 3515.7, 3513(i) and MOU Art.3.1(A) violates Plaintiffs' First and Fourteenth Amendment rights because it restricts employees' right to resign union membership at any time.

ii. **Declaratory Judgment:** Enter a Declaratory Judgment that Plaintiffs' right to resign union membership at a time of their choosing is protected under the First and Fourteenth Amendment of the United States;

iii. **Declaratory Judgment:** Enter a Declaratory Judgment that Cal. Gov. Code §§ 1152, 1153 and MOU Art.3.1(A) violate the First and Fourteenth Amendment, because they permit and compel Controller Yee to deduct dues from Plaintiffs' wages without clear and

compelling evidence that Plaintiffs waived their First Amendment rights.

iv. **Declaratory Judgment**: Enter a Declaratory Judgment that the deduction of monies from Plaintiffs' wages without clear and compelling evidence they waived their First Amendment rights, is illegal and unconstitutional.

v. **Injunctive Relief:** Permanently enjoin Defendants from engaging in any activity this Court declares illegal or likely illegal, including but not limited to: 1) the enforcement of the "maintenance of membership" policy or any similar provision purporting to restrict employees' right to resign union membership at any time; and 2) the deduction of union dues from Plaintiffs' wages without clear and convincing proof of constitutional waiver;

vi. **Damages:** Enter a judgment against CSLEA awarding Plaintiffs compensatory damages for the violation of their constitutional rights including, but not limited to, all union dues deducted from Plaintiffs' wages to the extent permitted by the relevant statute of limitations or the date each Plaintiff began employment, whichever is more recent, nominal damages, and/or restitution;

vii. **Alternative Damages:** Alternatively, for entry of a judgment requiring CSLEA to refund any Union dues taken from Plaintiffs' wages since they objected to the payment of any Union dues, including by virtue of resigning Union membership, as well as compensatory or nominal damages, and restitution;

viii. **Costs and attorneys' fees:** For an award to Plaintiffs of their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; and

ix. **Interest:** For pre-judgment and post-judgment interest as permitted by law.

x. **Other relief:** For such other and additional relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT

11

1
2    DATE: January 7, 2020.
3
                                    FREEDOM FOUNDATION
                                    s/ Rebekah Millard
4                                   Rebekah Millard, Cal Bar No. 256714
                                    Freedom Foundation
5                                   PO Box 552
                                    Olympia, WA  98507
6                                   Telephone: (360) 956-3482
                                    Email: rmillard@freedomfoundation.com
7
                                    Mariah Gondeiro, Cal Bar No. 323683
8                                   Freedom Foundation
                                    PO Box 552
9                                   Olympia, WA 98507
                                    Telephone: (360) 956-3482
10                                  Email: mgondeiro@freedomfoundation.com
11
                                    *Attorneys for Plaintiffs and the Proposed Class*
12
13
14
15
16
17
18
19
20
21
22
23
24

CLASS ACTION COMPLAINT

12